**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| OAKLEY, INC., | Case No. 18-cv-03341 |
|       Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SHENZHEN SAILVAN ECOMMERCE CO., LTD. and HONGKONG LINEMART LIMITED, | |
|       Defendants. | |

## COMPLAINT

Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff") hereby brings the present action against Defendants Shenzhen Sailvan Ecommerce Co., Ltd. and Hongkong Linemart Limited ("Defendants") and alleges as follows:

## I. INTRODUCTION

1.    This action has been filed by Plaintiff to address Defendants' selling and offering for sale of sunglasses featuring Plaintiff's patented designs, counterfeits of Plaintiff's Oakley trademarks, and infringements of Plaintiff's Oakley trademarks (the "Infringing Products") through Defendants' website at cndirect.com. Plaintiff seeks to address Defendants' counterfeiting and infringing of its registered trademarks, and its patented designs, as well as to protect unknowing consumers from purchasing low-quality Infringing Products over the Internet from China. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks and patented designs as a result of Defendants' actions and seeks injunctive and monetary relief.

## II. JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants by virtue of the following facts:

a)  Defendants have directly targeted business activities toward consumers in Illinois and caused harm to Plaintiff's business within this Judicial District.  Defendants have targeted sales to Illinois residents by operating a fully interactive and commercial website at cndirect.com that offers to sell and has sold counterfeit and infringing Oakley products to residents of Illinois.  Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois.

b)  Defendants work with global couriers, such as DHL and UPS, for international deliveries to consumers in the United States, including Illinois.

c)  Defendants' online store at cndirect.com accepts payment in U.S. dollars.

d)  On information and belief, thousands of web users from the United States (including the State of Illinois) visit cndirect.com each month.

### III. THE PARTIES

**Plaintiff Oakley**

4.      Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5.      Plaintiff Oakley is an indirect, wholly-owned subsidiary of Luxottica Group S.p.A.

6.      Oakley is an internationally recognized manufacturer, distributor and retailer of eyewear, apparel, footwear, outerwear, jackets, accessories and other merchandise, all of which prominently display its famous, internationally-recognized and federally-registered Trademarks, including OAKLEY and various Icon logos (collectively, the "Oakley Products"). Oakley Products have become enormously popular and even iconic, driven by Oakley's arduous quality standards and innovative design. Among the purchasing public, genuine Oakley Products are instantly recognizable as such. In the United States and around the world, the Oakley brand has come to symbolize high quality, and Oakley Products are among the most recognizable eyewear, headwear, footwear, outerwear, jackets and apparel in the world.

7.      Oakley Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, the official Oakley.com website which was launched in 1995, and Oakley "O" Stores, including one located at 835 N. Michigan Avenue in Chicago, Illinois.

8.      Oakley incorporates a variety of distinctive marks in the design of its various Oakley Products. As a result of its long-standing use, Oakley owns common law trademark rights in several Oakley trademarks. Oakley has also registered its trademarks with the United States Patent and Trademark Office. Oakley Products typically include at least one of Oakley's registered

trademarks. Oakley uses its trademarks in connection with the marketing of its Oakley Products, including, but not limited to, the following marks, which are referred to herein as the "Oakley Trademarks."

| Registration No. | Goods and Services | Date of Registration | Image |
|---|---|---|---|
| 1,984,501 | Protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories, namely replacement lenses, earstems, frames, nose pieces and foam strips; cases specially adapted for protective and/or anti-glare eyewear and their parts and accessories in class 9. | July 02, 1996 |  |
| 3,151,994 | Protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. | October 03, 2006 |  |
| 3,489,952 | Protective eyewear, namely, spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely, replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. | August 19, 2008 | OIL RIG |
| 3,379,110 | Protective eyewear, namely, spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely, replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories in class 9. | February 05, 2008 | RADAR |

9.     The above registrations for the Oakley Trademarks are valid, subsisting, in full force and effect, and are incontestable pursuant to 15 U.S.C. § 1065.  The Oakley Trademarks have been used exclusively and continuously by Oakley for many years and have never been abandoned. Attached hereto as **Exhibit 1** are true and correct copies of the United States Registration Certificates for the Oakley Trademarks listed above.  Incontestable status under 15 U.S.C. § 1065 provides that the registrations for the Oakley Trademarks are conclusive evidence of the validity of Oakley's Trademarks and of the registration of the Oakley Trademarks, of Oakley's ownership of the Oakley Trademarks, and of Oakley's exclusive right to use the Oakley Trademarks in commerce.  15 U.S.C. §§ 1115(b), 1065.

10.     The Oakley Trademarks are exclusive to Oakley, and are displayed extensively on Oakley Products and in Oakley's marketing and promotional materials.  Oakley Products have long been among the most popular eyewear in the world and have been extensively promoted and advertised at great expense.  In fact, Oakley has expended millions of dollars annually in advertising, promoting and marketing featuring their trademarks, including the Oakley Trademarks.  Oakley Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and are renowned as desired luxury items. Because of these and other factors, the Oakley name and the Oakley Trademarks have become famous throughout the United States.

11.     The Oakley Trademarks are distinctive when applied to the Oakley Products, signifying to the purchaser that the products come from Oakley and are manufactured to Oakley's quality standards.  Whether Oakley manufactures the products itself or licenses others to do so, Oakley has ensured that products bearing the Oakley Trademarks are manufactured to the highest quality standards.  The Oakley Trademarks have achieved tremendous fame and recognition,

which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the Oakley Trademarks is of incalculable and inestimable value to Oakley.

12. Since at least as early as 1995, Oakley has operated a website where it promotes and sells genuine Oakley Products at Oakley.com. Sales of Oakley Products via the Oakley.com website represent a significant portion of Oakley's business. The Oakley.com website features proprietary content, images and designs exclusive to Oakley.

13. Oakley's innovative marketing and product designs have enabled Oakley to achieve widespread recognition and fame and have made the Oakley Trademarks some of the most well-known marks in the eyewear and apparel industry. The widespread fame, outstanding reputation, and significant goodwill associated with the Oakley brand have made the Oakley Trademarks a valuable asset of Oakley.

14. Oakley has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Oakley Trademarks. As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Oakley. Oakley is a multi-million dollar operation, and Oakley Products have become among the most popular of their kind in the world.

15. In addition to their valuable trademarks, Oakley Products are further known for their distinctive designs. Like the Oakley Trademarks, these designs are broadly recognized by consumers. Sunglasses fashioned after these designs are associated with the quality and innovation that the public has come to expect from Oakley Products. Oakley uses these designs in connection with the marketing of its Oakley Products, including, but not limited to, the following designs, herein referred to as the "Oakley Designs."

| Patent Number | Associated Oakley Product (component) | Claim | Issue Date |
|---|---|---|---|
| D557,326 | Oil Rig (stem) |  | December 11, 2007 |
| D568,917 | Radar Path (lens) |  | May 13, 2008 |
| D568,918 | Radar Range (lens) |  | May 13, 2008 |
| D572,745 | Oil Rig |  | July 08, 2008 |
| D581,444 | Radar |  | November 25, 2008 |
| D659,180 | RadarLock |  | May 08, 2012 |

7

16.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D557,326 ("the '326 Patent"). The '326 Patent was lawfully issued on December 11, 2007 with named inventors James H. Jannard, Hans Karsten Moritz, and Colin Baden.

17.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D568,917 ("the '917 Patent"). The '917 Patent was lawfully issued on May 13, 2008 with a named inventor of Peter Yee.

18.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D568,918 ("the '918 Patent"). The '918 Patent was lawfully issued on May 13, 2008 with a named inventor of Peter Yee.

19.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D572,745 ("the '745 Patent"). The '745 Patent was lawfully issued on July 8, 2008 with a named inventor of Hans Karsten Moritz.

20.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D581,444 ("the '444 Patent"). The '444 Patent was lawfully issued on November 25, 2008 with named inventors James H. Jannard, Lek Thixton, Colin Baden, and Peter Yee.

21.     Oakley is the lawful assignee of all right, title and interest in and to the United States Design Patent No. D659,180 ("the '180 Patent"). The '180 Patent was lawfully issued on May 8, 2012 with a named inventor of Hans Moritz.

22.     Attached hereto as **Exhibit 2** are true and correct copies of the '326 Patent, the '917 Patent, the '918 Patent, the '745 Patent, the '444 Patent, and the '180 Patent.

23. Oakley has not granted a license or any other form of permission to Defendants with respect to: the Oakley Trademarks; the design protected by the '326 Patent; the design protected by the '917 Patent; the design protected by the '918 Patent; the design protected by the '745 Patent; the design protected by the '444 Patent; or the design protected by the '180 Patent.

**Defendants**

24. Upon information and belief, Defendant Shenzhen Sailvan Ecommerce Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China, and headquartered at Zone C, 6/F, China South City Square No.1, Pinghu Town, LongGang District, Shenzhen, China.

25. Defendant Shenzhen Sailvan Ecommerce Co., Ltd. is listed as the registrant of the website at cndirect.com in its ICANN WHOIS record.

26. Upon information and belief, Defendant Hongkong Linemart Limited is a corporation organized and existing under the laws of the Hong Kong Special Administrative District of the People's Republic of China, and headquartered at Floor 16, Kowloon Building, 555 Nathan Road, Mongkok, Kowloon, Hong Kong 999077.

27. Upon information and belief, Defendant Hongkong Linemart Limited is a subsidiary of Defendant Shenzhen Sailvan Ecommerce Co., Ltd.  Upon information and belief, Defendant Hongkong Linemart Limited operates the website at cndirect.com.

28. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial website at cndirect.com.  Defendants target the United States, including Illinois residents, and have offered to sell, and have sold, Infringing Products to consumers within the State of Illinois through the cndirect.com website.

9

## IV. DEFENDANTS' UNLAWFUL CONDUCT

29.     Defendants operate a fully interactive, commercial website located at cndirect.com.

30.     Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products on the website at cndirect.com bearing at least one logo, source-identifying indicia and design elements, that are studied imitations, infringements, and/or counterfeits of the Oakley Trademarks (previously defined as the "Infringing Products").

31.     Defendants are involved in the importation, offering for sale and/or sale of sunglasses that infringe the '326, '917, '918, '745, '444, and '180 Patents (previously defined as the "Infringing Products").

32.     Plaintiff's investigator visited the Defendants' website at cndirect.com and purchased Infringing Products.

33.     The purchased Infringing Products were shipped to the State of Illinois.

34.     The purchased Infringing Products were inspected and it was determined that the purchased Infringing Products infringed the Oakley Trademarks and/or the Oakley Designs.

35.     A comparison of Plaintiff's Oakley Trademarks to Defendants' Infringing Products exemplifies Defendants' infringement of U.S. Trademark Registration No. 1,984,501 for a stylized "O" design mark owned by Oakley, U.S. Trademark Registration No. 3,379,110 for a "RADAR" word mark owned by Oakley, U.S. Trademark Registration No. 3,151,994 for a stylized "O" design mark owned by Oakley, and U.S. Trademark Registration No. 3,489,952 for a "OIL RIG" word mark owned by Oakley.

| Plaintiff's Oakley Trademarks | Defendants' Infringing Products |
|---|---|
| (Reg. No. 1,984,501) |  |
| RADAR<br>(Reg. No. 3,379,110) |  |
| (Reg. No. 3,151,994) |  |
| OIL RIG<br>(Reg. No. 3,489,952) |  |

36.     Upon information and belief, Defendants are well aware of the extraordinary fame and strength of Plaintiff's Oakley Trademarks and the goodwill associated therewith.

11

37.     Defendants, without any authorization, license, or other permission from Plaintiff, have used Plaintiff's Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products into the United States and Illinois over the Internet.

38.     Defendants' use of infringements and/or counterfeits of Plaintiff's Oakley Trademarks in the advertisement, distribution, offering for sale, and sale of the Infringing Products was willful.

39.     Defendants' willful use of infringements and/or counterfeits of Plaintiff's Oakley Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products, including the sale of Infringing Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

40.     A comparison of Plaintiff's claim in the '326 Patent with an Infringing Product offered for sale on cndirect.com exemplifies Defendants' infringement of United States Design Patent No. D557,326 owned by Oakley.

| Plaintiff's '326 Design Claim | Defendants' Infringing Product |
|---|---|



41.    A comparison of Plaintiff's claim in the '917 Patent with an Infringing Product offered for sale on cndirect.com exemplifies Defendants' infringement of United States Design Patent No. D568,917 owned by Oakley.



| Plaintiff's '917 Design Claim | Defendants' Infringing Product |
|---|---|

As shown offered for sale on cndirect.com

Received product purchased from cndirect.com

42.     A comparison of Plaintiff's claim in the '918 Patent with an Infringing Product offered for sale on cndirect.com exemplifies Defendants' infringement of United States Design Patent No. D568,918 owned by Oakley.



| Plaintiff's '918 Design Claim | Defendants' Infringing Product |
|---|---|
| | As shown offered for sale on cndirect.com |
| | Received product purchased from cndirect.com |

43.     A comparison of Plaintiff's claim in the '918 Patent with another Infringing Product offered for sale on cndirect.com exemplifies Defendants' infringement of United States Design Patent No. D568,918 owned by Oakley.

| Plaintiff's '918 Design Claim | Defendants' Infringing Product |
|---|---|
|  | As shown offered for sale on cndirect.com |

44. A comparison of Plaintiff's claim in the '745 Patent with an Infringing Product offered for sale on cndirect.com exemplifies Defendants' infringement of United States Design Patent No. D572,745 owned by Oakley.



| Plaintiff's '745 Design Claim | Defendants' Infringing Product |
|---|---|

As shown offered for sale on cndirect.com

Received product purchased from cndirect.com

45.     A comparison of Plaintiff's claim in the '444 Patent with an Infringing Product offered for sale on cndirect.com exemplifies Defendants' infringement of United States Design Patent No. D581,444 owned by Oakley.



| Plaintiff's '444 Design Claim | Defendants' Infringing Product |
|---|---|

As shown offered for sale on cndirect.com

Received product purchased from cndirect.com

46.     A comparison of Plaintiff's claim in the '180 Patent with an Infringing Product offered for sale on cndirect.com exemplifies Defendants' infringement of United States Design Patent No. D659,180 owned by Oakley.

| Plaintiff's '180 Design Claim | Defendants' Infringing Product |
|---|---|
|  | |

47.    A comparison of Plaintiff's claim in the '180 Patent with another Infringing Product offered for sale on cndirect.com exemplifies Defendants' infringement of United States Design Patent No. D659,180 owned by Oakley.

| Plaintiff's '180 Design Claim | Defendants' Infringing Product |
|---|---|
|  | As shown offered for sale on cndirect.com |

48.    Upon information and belief, Defendants are well aware of the extraordinary fame of Plaintiff's Oakley Designs and the high-quality products associated therewith.

49.    Defendants, without any authorization, license, or other permission from Plaintiff, have used Plaintiff's Oakley Designs in connection with the making, using, offering to sell, selling, or importing of Infringing Products into the United States and Illinois over the Internet.

50.    Defendants' use of infringements of Plaintiff's Oakley Designs in the making, using, offering to sell, selling, or importing of the Infringing Products was willful.

51.    Defendants' willful use of infringements of Plaintiff's Oakley Designs in connection with the making, using, offering to sell, selling, or importing of Infringing Products, including the sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

52.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

53.     This is a trademark infringement action against Defendants based on Defendants' unauthorized use in commerce of a counterfeit imitation of Plaintiff's federally registered Oakley Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of an infringing good.  Plaintiff's Oakley Trademarks are highly distinctive.  Consumers have come to expect the highest quality from Oakley Products sold or marketed under the Oakley Trademarks.

54.     Defendants have sold, offered to sell, marketed, distributed and advertised, products bearing infringements and/or counterfeits of Plaintiff's Oakley Trademarks without Plaintiff's permission.

55.     Plaintiff is the exclusive owner of the Oakley Trademarks.  Plaintiff's United States Registrations for the Oakley Trademarks (**Exhibit 1**) are in full force and effect.  Upon information and belief, Defendants have knowledge of Plaintiff's rights in the Oakley Trademarks and have willfully infringed and intentionally used counterfeits and/or infringements of the Oakley Trademarks.  Defendants' willful, intentional and unauthorized use of the Oakley Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the general public.

56.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

57.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Oakley Trademarks.

58.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Infringing Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

59.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

60.     Defendants' promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Infringing Products by Plaintiff.

61.     By using Plaintiff's Oakley Trademarks on the Infringing Products, Defendants created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

62.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

63.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the Oakley brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

64.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

65.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Infringing Products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Oakley Products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

66.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

67.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill associated therewith.  Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## COUNT IV
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D557,326
### (35 U.S.C. § 271)

68.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

69.     Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '326 Patent.

70.     Defendants have infringed the '326 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from

making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

71.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**COUNT V**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D568,917**
**(35 U.S.C. § 271)**

72.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

73.     Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '917 Patent.

74.     Defendants have infringed the '917 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

75.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT VI
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D568,918
## (35 U.S.C. § 271)

76.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

77.     Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '918 Patent.

78.     Defendants have infringed the '918 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions. Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

79.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT VII
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D572,745
## (35 U.S.C. § 271)

80.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

81.     Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '745 Patent.

25

82.     Defendants have infringed the '745 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

83.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## COUNT VIII
## INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D581,444
## (35 U.S.C. § 271)

84.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

85.     Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '444 Patent.

86.     Defendants have infringed the '444 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

87.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

26

**COUNT IX**
**INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D659,180**
**(35 U.S.C. § 271)**

88.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

89.     Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the '180 Patent.

90.     Defendants have infringed the '180 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Oakley to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing the patented inventions.  Oakley is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

91.     Oakley is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289.  Oakley is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

   a.  using the Oakley Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing,

advertising, offering for sale, or sale of any product that is not a genuine Oakley Product or is not authorized by Plaintiff to be sold in connection with the Oakley Trademarks;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Oakley Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the Oakley Trademarks;

c.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.  further infringing the Oakley Trademarks and damaging Plaintiff's goodwill;

e.  importing, offering for sale, or selling any products not authorized by Oakley and that include any reproduction, copy or colorable imitation of the designs claimed in any of Oakley's '326, '917, '918, '745, '444, and '180 Patents;

f.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Oakley, nor authorized by Oakley to be sold or offered for sale, and which bear any of Oakley's trademarks, including the Oakley Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

g.  aiding, abetting, contributing to or otherwise assisting anyone in infringing upon the Oakley Trademarks, or any of Oakley's '326, '917, '918, '745, '444, and '180 Patents; and

      h.  effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (g).

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with paragraph 1, a through h, supra;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiff's Oakley Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) Awarding Oakley such damages as it shall prove at trial against Defendants that are adequate to compensate Oakley for infringement of Oakley's '326, '917, '918, '745, '444, and '180 Patents, and all of the profits realized by Defendants, or others acting in concert or participation with them, from Defendants' unauthorized use and infringement of Oakley's '326, '917, '918, '745, '444, and '180 Patents;

5) That Oakley be awarded from Defendants, as a result of Defendants' use of the Oakley Designs, three times Oakley's damages therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 35 U.S.C. § 284;

6) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of $2,000,000 (two million dollars) for each and every use of Plaintiff's Oakley Trademarks;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Oakley hereby demands a trial by jury as to all issues so triable.

Dated this 10th day of May 2018.          Respectfully submitted,


                                          /s/ Justin R. Gaudio
                                          Amy C. Ziegler
                                          Justin R. Gaudio
                                          Allyson M. Martin
                                          Greer, Burns & Crain, Ltd.
                                          300 South Wacker Drive, Suite 2500
                                          Chicago, Illinois 60606
                                          312.360.0080
                                          312.360.9315 (facsimile)
                                          aziegler@gbc.law
                                          jgaudio@gbc.law
                                          amartin@gbc.law

                                          *Counsel for Plaintiff Oakley, Inc.*