# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| OAKLEY, INC., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN SAILVAN ECOMMERCE CO., LTD. and HONGKONG LINEMART LIMITED, <br><br> Defendants. | Case No. 18-cv-03341 <br><br> **Judge Andrea R. Wood** <br><br> **Magistrate Judge Sheila M. Finnegan** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF AN ORDER DIRECTING
SERVICE OF PROCESS ABROAD PURSUANT TO FED. R. CIV. P. 4(f)**

Plaintiff Oakley, Inc. ("Oakley" or "Plaintiff") moves the Court for entry of an order directing service of process by mail under Fed. R. Civ. P. 4(f)(1) and email under Fed. R. Civ. P. 4(f)(3). In support, Oakley states as follows:

**I.   INTRODUCTION**

Oakley brings this action against Shenzhen Sailvan Ecommerce Co., Ltd. and Hongkong Linemart Limited (collectively, "Defendants") for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), violation of the Illinois Uniform Deceptive Trade Practices Act (Count III), and design patent infringement (Counts IV through IX). Oakley submits providing notice of this action by mail delivery and e-mail delivery constitutes notice reasonably calculated under all circumstances to apprise the Defendants of the pendency of the action and afford them the opportunity to present their objections. See *Luxottica Group S.p.A., et al. v. Lightinthebox Holding Co., Ltd., et al.*, No. 16-cv-5314 (N.D. Ill. Mar. 6,

2018) (Docket Entry No. 24) (Dow, J.) (entering order directing service by mail delivery and e-mail delivery as to Hong Kong and China-based corporations).

## II. STATEMENT OF FACTS

Oakley is an internationally recognized manufacturer, distributor and retailer of eyewear, apparel, footwear, outerwear, jackets, accessories and other merchandise, all of which prominently display its famous, internationally-recognized and federally-registered trademarks, including OAKLEY and various Icon logos (collectively, the "Oakley Products"). Additional facts relating to Oakley and Defendants' selling and offering for sale of sunglasses featuring Oakley's patented designs, counterfeits of Oakley's trademarks, and infringements of the Oakley's trademarks on Defendants' website at cndirect.com, as laid out in Oakley's Complaint, are incorporated by reference. [1] at ¶¶ 4-51.

**The Defendants**

Upon information and belief, Defendant Shenzhen Sailvan Ecommerce Co., Ltd. is a corporation organized and existing under the laws of the People's Republic of China, and with a registered office address of 6c-005-6c-008, China South City International Leather Raw Materia, Logistics Area Phase II, Huanan 1st Avenue, Pinghu Road, Longgang District, Shenzhen City. Declaration of Allyson Martin (the "Martin Declaration") at ¶ 2. Defendant Shenzhen Sailvan Ecommerce Co., Ltd. is listed as the registrant of the website at cndirect.com in its ICANN WHOIS record. *Id*. at ¶ 3.

Upon information and belief, Defendant Hongkong Linemart Limited is a corporation organized and existing under the laws of the Hong Kong Special Administrative District of the People's Republic of China, and with a registered office address of Room 1505, 15/f, Hing Yip Commercial Centre, 272-284 Des Voeux Road Central, Hong Kong. *Id*. at ¶ 4. Upon

information and belief, Defendant Hongkong Linemart Limited operates the website at cndirect.com.

The "Contact us" page for Defendants' website at cndirect.com lists orders@cndirect.com as a contact email address. *Id*. at ¶ 5. The website's "Legal Window" page also lists service@cndirect.com as an email address. *Id*. at ¶ 6.

Further, the "Security and Privacy" page provides that payment processing services for goods and/or services purchased on the website are provided by Shenzhen Sailvan Network Technology Co Ltd. and Linemart Inc. for certain payment methods and jurisdictions. *Id*. at ¶ 7. After filing the Complaint in this case, Oakley's counsel reached out to counsel that had previously appeared on behalf of Shenzhen Sailvan Network Technology Co Ltd. in a previous case involving Oakley. *Id*. at ¶¶ 8, 9. Counsel confirmed that his clients were "Shenzhen Sailvan Technology in China and Linemart, Inc. in California," and was confirming that Defendants were related to his clients, and whether he would represent them. *Id*. at ¶ 9. Oakley asked whether counsel would accept service. *Id*. As of the date of filing, counsel has not responded to Oakley. *Id*.

## MEMORANDUM OF LAW

II.  **ARGUMENT**

Under Federal Rule of Civil Procedure 4(f), service on individuals in a foreign country must be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Additionally, service on individuals in a foreign country may be made "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

### A. Service by Postal Channels to Hongkong Linemart Limited Is Permissible

Hongkong Linemart Limited is a business located in Hong Kong. Martin Declaration at ¶ 4. Hong Kong is a party to the Hague Service Convention, as the Convention was extended by the United Kingdom to Hong Kong on May 20, 1970, when Hong Kong was under British rule. *See Willis v. Magic Power Co., Ltd.*, No. 10-cv-4275, 2011 U.S. Dist. LEXIS 3238, at *6-7 (W.D. Pa. 2011). When Hong Kong became a Special Administrative Region of the People's Republic of China ("China") on July 1, 1997, China notified the Netherlands government, the official depository for the Hague Service Convention, that upon transfer of Hong Kong's sovereignty to China, the Convention would continue to be applicable. *See* Hague Conference on Private International Law, Special Administrative Region of Hong Kong (entry into force: 19 July 1970), http://www.hcch.net/index_en.php?act=status.comment&csid=393&disp=resdn (last visited June 6, 2018). Accordingly, service on Hongkong Linemart Limited is governed by the Hague Convention.

Article 10 of the Convention states, "[p]rovided the State of destination does not object, the present Convention shall not interfere with - (a) the freedom to send judicial documents, by postal channels, directly to persons abroad." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. 10, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Hong Kong has not formally objected to service by postal channels – when China notified the Netherlands that the Hague Service Convention would continue to apply to Hong Kong, it did not issue a declaration with respect to Article 10(a) on service by postal channels. *See Ackourey v. Noblehouse Custom Tailors*, No. 13-cv-2319 (E.D. Pa. Nov. 14, 2013); *TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 630 (S.D. Fla. 2012). Additionally, the Seventh Circuit has agreed with other circuits that Article 10(a) allows for

service of process by international mail as long as the receiving country has not filed an objection to that method of service. *Research Sys. Corp. v. IPSOS Publicite*, 276 F.3d 914, 926 (7th Cir. 2002). *See also Ackermann v. Levine*, 788 F.2d 830, 839 n.11 (2d Cir. 1986) (Second Circuit concluding that the word "send" in Article 10 included service); *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir. 2004) (same). Therefore, Oakley can directly serve Hongkong Linemart Limited by postal channels.

Finally, numerous courts have held that commercial mail couriers, such as FedEx, DHL, and certified mail are permissible "postal channels" under Article 10(a) of the Hague Service Convention. *See TracFone Wireless*, 279 F.R.D. at 630 (holding that FedEx is a permissible postal channel under Article 10 of the Hague Convention); *TracFone Wireless, Inc. v. Sunstrike Intern., Ltd.*, 273 F.R.D. 697, 699 (S.D. Fla. 2011) (same); *Wong v. Partygaming Ltd.*, No. 06-cv-2376, 2008 U.S. Dist. LEXIS 37039, at *3 (N.D. Ohio May 6, 2008) (holding that DHL is a permissible postal channel under the Hague Convention); *Ackourey v. Noblehouse Custom Tailors*, No. 13-cv-2319 (E.D. Pa. Nov. 14, 2013) (holding that certified mail is a permissible postal channel under the Hague Convention). Accordingly, service by FedEx delivery to Hongkong Linemart Limited directly to its Hong Kong address is permissible.

B.  **E-mail Service Is Permissible**

Defendant Shenzhen Sailvan Ecommerce Co., Ltd. is a business incorporated and located in China. Martin Declaration at ¶ 2. Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in

part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Similarly, a number of Courts, including the Northern District of Illinois, have held that alternate forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Id.* at 1018; *see also, MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 1:08-cv-02593, 2008 WL 5100414, *2 (N.D. Ill. Dec. 1, 2008) (holding e-mail and facsimile service appropriate); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (quoting *Rio*, 284 F.3d at 1018) (allowing e-mail service); s*ee also Juniper Networks, Inc. v. Bahattab*, No. 1:07-cv-01771-PLF-AK, 2008 WL 250584, *1-2, (D.D.C. Jan. 30, 2008) (citing *Rio*, 284 F.3d at 1017-1018; other citations omitted) (holding that "in certain circumstances ... service of process via electronic mail ... is appropriate and may be authorized by the Court under Rule 4(f)(3) of the Federal Rules of Civil Procedure"). Oakley submits that allowing service by e-mail in the present case is appropriate and comports with constitutional notions of due process.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props. v. Rio Intern. Interlink,* 284 F.3d 1007, 1014-15 (9th Cir. 2002). As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international

6

defendant may be served. *Id.* Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)"). As such, this Court may allow Oakley to serve Defendants via e-mail.

The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Convention"). Martin Declaration at ¶ 10. The Hague Convention does not preclude service by email, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit email service. *Id.* Numerous courts have authorized alternative service pursuant to Fed. R. Civ. P. 4(f)(3) even when the defendant resides in a country that is a signatory to the Hague Convention, including against China-based defendants. *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5-7 (N.D. Cal. Apr. 17, 2007) (same). Courts have also agreed that service by email is not prohibited by the Hague Convention. *Maclean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 U.S. Dist. LEXIS 97241, at *5 (N.D. Ill. Dec. 1, 2008) (holding that "[t]he Hague Convention does not prohibit service by e-mail or facsimile"); *Nanya Tech. Corp. v. Fujitsu, Ltd.*, 2007 U.S. Dist. LEXIS 5754, at *7 (D. Guam Jan. 25, 2007). Additionally, the law of the People's Republic of China does not appear to prohibit electronic service of process. Martin Declaration at ¶ 11.

Courts have also held that communications to email addresses listed on a defendant's website comport with due process: "[w]hile email communications may also go astray or fail to come to the relevant individuals' attention, the Court finds that in this case, service to the email address listed on defendant's website is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Sulzer Mixpac AG*, 312 F.R.D. at 332.

As such, Oakley respectfully requests this Court's permission to serve Defendants via e-mail delivery to orders@cndirect.com and service@cndirect.com (Defendants' email addresses displayed on cndirect.com), and via e-mail delivery to Ivan Posey, U.S. counsel.

### **REQUESTED RELIEF**

Oakley respectfully requests that it be permitted to provide notice of these proceedings to all Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(1) and 4(f)(3), by completing the following:

(1) via FedEx delivery to Hongkong Linemart Limited at Floor 16, Kowloon Building, 555 Nathan Road, Mongkok, Kowloon, Hong Kong 999077;

(2) via e-mail delivery to orders@cndirect.com and service@cndirect.com (Defendants' email addresses displayed on cndirect.com);

(3) via e-mail delivery to Ivan Posey, U.S. counsel.

It is respectfully submitted that the combination of providing notice via mail delivery and e-mail delivery constitutes notice reasonably calculated under all circumstances to apprise all of the Defendants of the pendency of the action and afford them the opportunity to present their objections.

Dated this 21st day of June 2018.	Respectfully submitted,

<div style="margin-left: 3em;">
/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiff Oakley, Inc.*
</div>